THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 23-02826-eg |
| Joshua Allen Ingram and Ashley | ) | |
| Ingram, | ) | Chapter 7 |
| | ) | |
| _____Debtors._ | ) | |
| | ) | |
| Michelle L. Vieiera, Chapter 7 | ) | |
| Trustee for Joshua Allen Ingram and | ) | |
| Ashley Ingram, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| Terence Bennett, | ) | |
| Defendant._ | ) | |

## **COMPLAINT**

Michelle L. Vieira ("Trustee"), as Chapter 7 Trustee for the Bankruptcy Estate of Joshua

Allen Ingram and Ashley Ingram, alleges as follows:

1.      On September 19, 2023 ("Petition Date"), Joshua Allen Ingram and Ashley Ingram

(collectively "Debtors"), filed a voluntary petition under Chapter 7 of Title 11 of the United States

Code.[1]

2.      Plaintiff was appointed Chapter 7 Trustee, and it is in this capacity that she brings

this action.

3.      Defendant Terence Bennett ("Defendant") is a citizen and resident of the State of

South Carolina, County of Charleston.

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).  This Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157, and Local Civil Rule

83.IX.01 DSC.  Venue is appropriate under 28 U.S.C. § 1409.

---

[1] Further references to the bankruptcy code, 11 U.S.C § 101 *et seq.*, will be by section number only.

5.      Plaintiff consents to the entry of final order or judgment by the Bankruptcy Court.

## **FACTS**

6.      Plaintiff incorporates each of the foregoing allegations as fully as if repeated herein verbatim.

7.      As evidenced by their schedules filed on October 11, 2023 ("Schedules"), Debtors own two (2) parcels of real property located in Dorchester County, South Carolina (collectively the "Dorchester Properties").

8.      On or about December 27, 2022, Defendant caused a lawsuit to be filed against Debtors in the County of Charleston, State of South Carolina captioned *Terence Bennett v. Indigo Pools LLC, a/k/a and d/b/a Indigo Pools and Spas LLC, Indigo Pools and Spas LLC, Joshua Ingram, and Ashley Ingram*, Case No. 2022-CP-10-5915 ("State Court Action").  In the State Court Action, Defendant asserted claims against Debtors for damages Defendant claimed to have sustained as a result of the matters described in the complaint filed in the State Court Action.  *See* Terence Bennett Proof of Claim (Claim 7-1) filed on November 1, 2023, a true and correct copy of which is attached hereto as Exhibit A, and its terms incorporated herein by reference.

9.      On or about June 21, 2023, the Master in Equity for Charleston County entered its order finding the Debtors liable to Defendant and entered judgment against Debtors in the amount of $90,000.00 ("Judgment").  *See* Exhibit A at 4-23.

10.      On June 23, 2023, Defendant obtained a Transcript of Judgment from the Charleston County Clerk's Office.  *See id.* at 24-25.  Thereafter, Defendant caused the Transcript of Judgment to be recorded with the Dorchester County Clerk of Court.  *See id.* at 26-27.  A true and correct copy of the recorded Transcript of Judgment is attached hereto as Exhibit B and incorporated herein by reference.

11.    Upon the recording of the Transcript of Judgment in Dorchester County, the Judgment became a lien on the Dorchester Properties pursuant to applicable South Carolina law.

12.    Plaintiff is informed and believes that the recording of the Judgment in Dorchester County was a transfer of an interest of the Debtors in property, made to or for the benefit of Defendant during the ninety (90) day period prior to the Petition Date.

13.    As evidenced by Exhibits A and B:

   a.    Defendant was a creditor of the Debtors at the time of the transfer; and

   b.    The transfer was made on account of an antecedent debt owed by the Debtors before the transfer was made.

14.    Plaintiff is informed and believes that the transfer would enable Defendant to receive more than he would have received under this Chapter 7 if the transfer had not been made and Defendant had received payment of the antecedent debt in accordance with the provisions of this title.

15.    Pursuant to § 547(f), the Debtors were insolvent at the time of the transfer.

16.    Plaintiff is informed and believes that the transfer is voidable and is automatically preserved for the benefit of the estate pursuant to §§ 547, 550, and 551.

WHEREFORE, Plaintiff prays that this Court inquire into the matters hereinabove alleged and enter its order:

1.    finding the recording of the Transcript of Judgment to be an avoidable preference under § 547;

2.    preserving the Transcript of Judgment for the benefit of the estate pursuant to §551; and

3.    For such other and further relief as the Court deems just and proper.

**BEST LAW, PA**

*/s/ Tara E. Nauful*
Tara E. Nauful, DCID 5864
tara@bestlawsc.com
999 Lake Hunter Cir., Suite D
Mount Pleasant, SC 29464
p: 843.793.4744

Attorneys for Michelle L. Vieira, Chapter 7 Trustee

March 7, 2024

**EXHIBIT A**

**Fill in this information to identify the case:**

| | |
|---|---|
| Debtor 1 | JOSHUA INGRAM |
| Debtor 2 (Spouse, if filing) | ASHLEY INGRAM |
| United States Bankruptcy Court for the: | District of South Carolina |
| Case number | 23-02826-EG |

## Official Form 410

# Proof of Claim

04/22

**Read the instructions before filling out this form.** This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| 1. **Who is the current creditor?** | TERENCE BENNETT<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? _____ |

| | | |
|---|---|---|
| 3. **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>WALKER GRESSETTE & LINTON, LLC<br>Name<br>P.O. BOX 22167<br>Number        Street<br>CHARLESTON        SC        29413<br>City                State        ZIP Code<br><br>Contact phone  (843) 727-2216<br>Contact email  ivey@wglfirm.com | **Where should payments to the creditor be sent?** (if different)<br><br>_____<br>Name<br>_____<br>Number        Street<br>_____<br>City                State        ZIP Code<br><br>Contact phone _____<br>Contact email _____ |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____   Filed on _____<br>                                                              MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes.  Who made the earlier filing? _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?**

$_____90,000.00_. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money paid for goods and services not received, fraud, UTPA

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:        Judgment Lien Against All Debtors' Real Property

**Basis for perfection:**        S.C. Code § 15-35-810 (enrollment of judgment in Dorc. Co.)

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**        $_____999,500.00

**Amount of the claim that is secured:**        $_____90,000.00

**Amount of the claim that is unsecured:**  $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**        $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**        $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ No<br>☑ Yes. *Check one:*<br><br>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).<br><br>☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).<br><br>☐ Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).<br><br>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).<br><br>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).<br><br>☑ Other. Specify subsection of 11 U.S.C. § 507(a)(7) that applies. | **Amount entitled to priority**<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____<br><br>$_____ 3,350.00 |

\* Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:  Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/01/2023
                   MM / DD / YYYY

/s/Jennifer S. Ivey
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | JENNIFER | S. | IVEY |
| | First name | Middle name | Last name |
| Title | ATTORNEY | | |
| Company | WALKER GRESSETTE & LINTON, LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | P.O. BOX 22167 | | |
| | Number        Street | | |
| | CHARLESTON | SC | 29401 |
| | City | State | ZIP Code |
| Contact phone | 843-727-2216 | Email IVEY@WGLFIRM.COM | |

ELECTRONICALLY FILED - 2023 Jun 21 3:06 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

**FORM 4**

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON
IN THE COURT OF COMMON PLEAS

**JUDGMENT IN A CIVIL CASE**

**CASE NO. 2022-CP-10-05915**

| TERENCE BENNETT | INDIGO POOLS LLC, A/K/A AND D/B/A INDIGO POOLS AND SPAS, LLC, INDIGO POOLS AND SPAS LLC, JOSHUA INGRAM, AND ASHLEY INGRAM |
|---|---|
| PLAINTIFF(S) | DEFENDANT(S) |

| **Submitted by:** Jennifer S. Ivey, Esq.<br>Walker Gressette & Linton, LLC<br>66 Hasell St.<br>Charleston, SC 29401 | **Attorney for :** ☒ Plaintiff ☐ Defendant<br>or<br>☐ Self-Represented Litigant |
|---|---|

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☒ See attached order (formal order to follow) ☒ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☒ ends ☐ does not end the case.
Additional Information for the Clerk : _____

| **INFORMATION FOR THE JUDGMENT INDEX**<br>**Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.** | | |
|---|---|---|
| **Judgment in Favor of**<br>**(List name(s) below)** | **Judgment Against**<br>**(List name(s) below)** | **Judgment Amount To be Enrolled**<br>**(List amount(s) below)** |
| Terence Bennett | Indigo Pools, LLC and<br><br>Indigo Pools and Spas, LLC and<br><br>Joshua Ingram and<br><br>Ashley Ingram | $90,000.00 |

SCRCP Form 4C (02/2017)

Page 1 of 4

Case 2:24-cv-03267-eeg   Date Filed 03/07/24   Entry Number 1-58   Page 5 of 27
Case 2:24-cv-03267-eeg   Document 17-1   Filed 03/07/24   Entry Number 1-58   Page 5 of 27
Document     Page 10 of 35

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

hearing on May 17, 2023, as well as a request for the Court to take judicial notice of other cases filed against these Defendants in this circuit and in the first judicial circuit (Dorchester County), wherein other customers allege Defendants engaged in the same pattern of conduct as involved in this case and absconded with their funds.

The hearing on Plaintiff's Motion for Default Judgment proceeded on May 17, 2023, at 10:00 a.m. in Courtroom 2A of the Charleston County Courthouse. Defendants did not appear.

### FINDINGS

By allowing an entry of default to be entered against them, the Defendants have admitted the allegations of the Verified Complaint and conceded all well-pled causes of action. See generally 5Star Life Ins. Co. v. Peek Performance, Inc., 434 S.C. 334, 337, 863 S.E.2d 468, 469 (Ct. App. 2021); Wells Fargo Bank, N.A. v. Marion Amphitheatre, LLC, 408 S.C. 87, 90, 757 S.E.2d 557, 558 (Ct. App. 2014); Roche v. Young Bros., Inc., of Florence, 504 S.E.2d 311, 314, 332 S.C. 75, 81 (1998) (citing multiple authorities and stating "[i]t is well settled that by suffering a default, the defaulting party is deemed to have admitted the truth of plaintiff's allegations and to have conceded liability.").

In addition to the admitted allegations in the Verified Complaint, the Court heard testimony from Plaintiff and his wife, Ashley Bennett, and considered documentary evidence, Plaintiff's Affidavit of Amount Due, the Affidavit of Attorneys' Fees and Costs, and took judicial notice of the media coverage of the class action against these Defendants and court records in the class case, and other individual cases. Based upon the foregoing, the Court makes the following findings of fact and conclusions of law:

1.      Defendant Indigo Pools LLC is a South Carolina limited liability company.

| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**
**E-Filing Note: In E-Filing counties, the Court will electronically sign this form using a separate electronic signature page.**

_____          3062_____          _____
**Circuit Court Judge**                                                                    **Judge Code**                          **Date**

## For Clerk of Court Office Use Only

This judgment was entered on          day of          , 20      and a copy mailed first class or placed in the appropriate attorney's box on this          day of          , 20      to attorneys of record or to parties (when appearing pro se) as follows:

_____          _____
_____          _____
_____          _____
**ATTORNEY(S) FOR THE PLAINTIFF(S)**          **ATTORNEY(S) FOR THE DEFENDANT(S)**

                                                                                  _____
                                                                                  **CLERK OF COURT**

## Court Reporter:

**E-Filing Note: In E-Filing counties, the date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgement to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

**ADDITIONAL INFORMATION REGARDING DECISION BY THE COURT AS REFERENCED ON PAGE 1**.

This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

Pursuant to the Order entered on June 14, 2023, this Court entered judgment in Plaintiff's favor on several causes of action, including Plaintiff's cause of action against Defendants under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 et seq. (the "SCUTPA"), and directed Plaintiff to elect his remedy. Plaintiff elected his remedy through the notice he filed with this Court on June 15, 2023. Plaintiff elected to recover on his SCUTPA cause of action. This Court hereby enters judgment in favor of Plaintiff and against the Defendants, jointly and severally, on the SCUPTA cause of action in the amount of $90,000.00. The Court's findings of fact and conclusions of law set out in its June 14, 2023 Order shall form the basis of this judgment.

ELECTRONICALLY FILED - 2023 Jun 21 3:06 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

ELECTRONICALLY FILED - 2023 Jun 21 3:06 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

ELECTRONICALLY FILED - 2023 Jun 21 3:06 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915



Charleston Common Pleas

**Case Caption:**     Terence  Bennett VS   Indigo Pools Llc , defendant, et al

**Case Number:**      2022CP1005915

**Type:**             Order/Form 4

So Ordered

s/Mikell R. Scarborough   3062

Electronically signed on 2023-06-21 10:03:40    page 4 of 4

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) IN THE COURT OF COMMON PLEAS |
| | ) NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) C/A No.: 2022-CP-10-05915 |
| | ) |
| Terence Bennett, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| Indigo Pools LLC, a/k/a and d/b/a Indigo | ) |
| Pools and Spas, LLC, Indigo Pools and | ) |
| Spas LLC, Joshua Ingram and Ashley | ) |
| Ingram, | ) |
| | ) |
| Defendants. | ) |
| | ) |

This matter came before the Court for a non-jury, damages hearing on May 17, 2023, at 10:00 a.m., upon Plaintiff Terence Bennett's ("Plaintiff") Motion for a Default Judgment. Plaintiff was represented by Jennifer Ivey, Esq., and Thomas P. Gressette, Esq., of Walker Gressette & Linton, LLC. Plaintiff was present at the hearing, along with Ms. Ivey. Although proper notice of the hearing was personally served upon the Defendants Indigo Pools LLC, a/k/a and d/b/a Indigo Pools and Spas, LLC, Indigo Pools and Spas LLC, Joshua Ingram and Ashley Ingram (collectively the "Defendants"), they did not appear, nor did anyone appear on their behalf.

## **PROCEDURAL HISTORY**

Plaintiff initiated this action in the Court of Common Pleas for Charleston County on December 27, 2022, by filing a Summons and Verified Complaint. Plaintiff's Verified Complaint seeks an award of damages against Defendants, jointly and severally, based upon the following theories of liability: conversion, breach of contract, breach of contract accompanied by a fraudulent act, breach of warranties, negligence, fraudulent and/or negligent misrepresentation,

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

civil conspiracy, and violation of the South Carolina Unfair Trade Practice Act, S.C. Code § 39-5-10, et seq. (hereinafter referred to as the "SCUPTA").

The Summons and Verified Complaint were personally served on Defendants on January 4, 2023, as evidenced by the Affidavits of Service filed in this case on January 18, 2023. Defendants did not timely respond to Plaintiff's Verified Complaint (to date, none have appeared or otherwise defended this case). On February 8, 2023, Plaintiff requested the Clerk of Court enter the Defendants' default pursuant to Rule 55(a), SCRCP. On February 9, 2023, the Clerk entered default against each of the Defendants.

On March 9, 2023, Plaintiff filed a Notice of Motion and Motion for Default Judgment pursuant to Rule 55(b), SCRCP, and a Motion to Refer the matter to the Master-in-Equity pursuant to Rule 53(b), SCRCP. Plaintiff's Motion for Default Judgment included a specific request for Attorneys' Fees and Costs pursuant to Rule 55(b)(3), SCRCP, and punitive damages.

An Order of Reference was entered on March 10, 2023. Plaintiff's Motion for Default Judgment for hearing was set on May 17, 2023, before the undersigned. Plaintiff provided notice of the damages hearing to Defendants and also provided notice of his Motion for Default Judgment, the orders entering Defendants in default, and the Order of Reference to the undersigned. Plaintiff provided Defendants with notice of the foregoing via personally serving the same upon Defendant Joshua Ingram, in his individual capacity, and as an officer of the Defendant entities and as a resident relative of his wife, Ashley Ingram. Affidavits of Service were filed with the Court.

Plaintiff's counsel filed an Affidavit of Attorneys' Fees and Costs on May 12, 2023, documenting the contingency fee arrangement with Plaintiff, the hours expended on the matter to date, and an itemization of costs. Plaintiff filed an Affidavit of Amount Due in advance of the

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

hearing on May 17, 2023, as well as a request for the Court to take judicial notice of other cases filed against these Defendants in this circuit and in the first judicial circuit (Dorchester County), wherein other customers allege Defendants engaged in the same pattern of conduct as involved in this case and absconded with their funds.

The hearing on Plaintiff's Motion for Default Judgment proceeded on May 17, 2023, at 10:00 a.m. in Courtroom 2A of the Charleston County Courthouse. Defendants did not appear.

## FINDINGS

By allowing an entry of default to be entered against them, the Defendants have admitted the allegations of the Verified Complaint and conceded all well-pled causes of action. See generally 5Star Life Ins. Co. v. Peek Performance, Inc., 434 S.C. 334, 337, 863 S.E.2d 468, 469 (Ct. App. 2021); Wells Fargo Bank, N.A. v. Marion Amphitheatre, LLC, 408 S.C. 87, 90, 757 S.E.2d 557, 558 (Ct. App. 2014); Roche v. Young Bros., Inc., of Florence, 504 S.E.2d 311, 314, 332 S.C. 75, 81 (1998) (citing multiple authorities and stating "[i]t is well settled that by suffering a default, the defaulting party is deemed to have admitted the truth of plaintiff's allegations and to have conceded liability.").

In addition to the admitted allegations in the Verified Complaint, the Court heard testimony from Plaintiff and his wife, Ashley Bennett, and considered documentary evidence, Plaintiff's Affidavit of Amount Due, the Affidavit of Attorneys' Fees and Costs, and took judicial notice of the media coverage of the class action against these Defendants and court records in the class case, and other individual cases. Based upon the foregoing, the Court makes the following findings of fact and conclusions of law:

1.    Defendant Indigo Pools LLC is a South Carolina limited liability company.

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

2.      Defendants Joshua and Ashley Ingram (the "Ingrams") are the owners, managers, officers, employees, and/or agents of Defendant Indigo Pools LLC.

3.      The Ingrams also do business by the name of "Indigo Pools and Spas LLC." Indigo Pools and Spas LLC is not registered as a domestic limited liability company with the South Carolina Secretary of State and not authorized to do business in the State of South Carolina as a foreign limited liability company.

4.      "Indigo Pools and Spas LLC" name and logo was printed at the top of the first page of the subject contract and on the invoices submitted under the contract.

5.      Indigo Pools LLC and Indigo Pools and Spas LLC are in the business of selling and installing fiberglass pools, pool equipment, hardscaping, and fencing.

6.      On August 3, 2021, Plaintiff entered a contract with Indigo Pools LLC and Indigo Pools and Spas LLC (hereinafter referred to collectively as "Indigo Pools") whereby Plaintiff agreed to pay $70,862.00 in exchange for Indigo Pools performing the following work at Plaintiff's residence in Mt. Pleasant, South Carolina:

- Design and submit plans to the Town of Mt. Pleasant for a pool and backyard area;
- Furnish and install an AVIVA® Eden 27 model fiberglass pool with the Eden® 27 equipment package;
- Furnish and install Travertine decking and coping around the pool;
- Furnish and install aluminum fencing and gates around the perimeter of Plaintiff's yard;
- Provide other installation and construction services, which included excavation, crane equipment, electric, and plumbing; and
- Start-up pool services, training, and then the first 3 pool cleanings.

7.      Defendants promised Plaintiff to start the project and diligently pursue the work through to completion.

8.      Plaintiff was obligated to make payments towards the agreed-upon contract price at various stages of the project.

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

9. Plaintiff timely and completely honored his payment obligations under the contract and presented documentary evidence to the Court evidencing payments to Indigo Pools in the following particulars:

| | |
|---|---|
| 8/4/2021: | Payment of $12,515.60 |
| 8/4/2021: | Payment of $878.00 |
| 2/9/2022: | Payment of $12,515.60 |
| 6/26/2022: | Payment of $31,289.00 |
| 11/14/2022: | Payment of $7,991.96 |
| Total: | $65,190.16 |

10. Plaintiff advanced such sums to comply with the terms of the contract and based upon the Ingrams representations that they intended to complete the project.

11. Before the project was completed, Defendants abandoned the project and ceased all communications with Plaintiff and his spouse.

12. After Plaintiff made his last payment in November 2022, Defendants ceased all communications and failed to respond to many requests for contact by Plaintiff. Defendants have not refunded or otherwise returned any of Plaintiff's funds to him.

13. At all pertinent times hereto, Defendants represented to Plaintiff that they had the ability and intention to perform the work contemplated by the contract and that his funds would be put to use on his project.

14. The Court finds these statements to be false representations and that Defendants acted under false pretenses and committed actual fraud. Defendants obtained $65,190.16 of Plaintiff's funds through such false representations, false pretenses, and actual fraud.

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

15.     At the time Defendants absconded with Plaintiff's funds, the project was only partially completed. The coping, finishing, tile/decking, and fencing were not installed or completed, and those aspects of the project that had been provided and/or installed had problems.

16.     As a result, Plaintiff hired replacement contractors to complete the project.

17.     Plaintiff paid the following replacement contractors the following sums to complete the work that should have been completed by Indigo Pools:

| Replacement Contractor | Scope of Work | Added Cost |
|---|---|---|
| Endless Summers Pools and Spas | Pool decking | $26,990.00 |
| Fence SC | Aluminum fence and gate | $5,177.00 |
| | Total | $32,167.00 |

18.     The foregoing amounts were over and above the $65,190.16 Plaintiff paid Defendants under the contract with Indigo Pools and Indigo Pools and Spas LLC.

19.     Defendants have not returned any of Plaintiff's funds to him, but instead, have kept such funds. Plaintiff alleges, and the Ingrams, through their default, admit, they have put such funds to their own use.

20.     Plaintiff testified that Endless Summers Pools and Spas performed additional work, including the installation of French drains for drainage purposes in the backyard, and that he paid Endless Summers Pools and Spas $600.00 for the French drains, which is not fairly assessed against Indigo Pools. Such amounts are not included in the $25,590.00 payment to Endless Summers Pools and Spas reflected in the table above.

21.     In total, Plaintiff paid $97,357.16 to complete the scope of work Indigo Pools promised to complete at a total cost of $70,862.00.

22.     The difference, or Plaintiff's loss, is $26,495.16, however, Plaintiff had only paid Indigo Pools $65,190.16 of the total contract price of $70,862.00 (-$5,671.84). Therefore, I find Plaintiff's adjusted loss to be $20,823.32.

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

23.     In addition to the costs over and beyond the contract price Plaintiff incurred to complete the project, Plaintiff also experienced a loss of use, loss of marketability, and depreciation in the value of his home as a natural consequence and proximate result of Indigo Pools' breach of contract.

24.     Plaintiff entered the subject contract on August 3, 2021. The project was not complete until March 2023, approximately 18 months later. Plaintiff testified that his reasonable expectation was that this would be a 6-month project from start to finish.

25.     Plaintiff submitted photographic evidence of the condition his yard was placed in after Defendants excavated the pool hole but failed to timely install the pool shell. The hole and piles of dirt around it (retained for later backfilling) consumed a significant portion of Plaintiff's backyard, water accumulated in the hole, and the supports around it collapsed. Plaintiff's yard remained in such condition for almost six (6) months before the pool shell was set and for several more months before the pool coping, decking, and perimeter fence were completed.

26.     Plaintiff and his family were unable to use their backyard during this time. Plaintiff and his wife testified that they have two minor children, who are active, and live at home and would regularly use the backyard but for its condition.

27.     The state of disrepair of the backyard also negatively affected the marketability of the property. Plaintiff's wife, Ashley Bennett, testified that she is a licensed South Carolina real estate salesperson and that the marketability and value of the property was negatively affected by the delay and state of disrepair.

28.     The Court finds Plaintiff experienced a loss of use of this portion of his home as a natural consequence and proximate result of Indigo Pools' delay in completing this project. The

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

Court finds $4,176.68 to be a fair and reasonable measure of Plaintiff's loss of use, bringing Plaintiff's contract losses total $25,000.00.

29. Plaintiff and his wife each testified that Defendants never indicated that it was never their intent to perform under the contract or that they were unable or unwilling to carry-out the work on the agreed-upon schedule or at the agreed-upon cost; to the contrary, the evidence showed that the Ingrams consistently represented to Plaintiff and his wife that the project was on track and that Plaintiff's payments would ensure that the project would be completed to their plans.

30. Plaintiff testified that after Defendants ceased communicating with them regarding his project, he discovered Defendants had absconded with other customers' funds. A neighbor who informed Plaintiff about a Facebook group consisting of other Indigo Pools customers who fell victim to the same harm as Plaintiff.

31. Defendants' conduct subjected them to a Live5 investigation, press, and a class action lawsuit filed by the Anastopoulo Law Firm, who estimates as many as 100 consumers in this area have fallen victim to the same conduct as Indigo Pools carried out against Plaintiff.

32. Based upon the foregoing, the Court finds Defendants have engaged in fraudulent, unfair, and deceptive acts, not just as it affects Plaintiff, but as it affects consumers in our community. Plaintiff has shown through clear and convincing evidence that many other consumers have alleged Defendants have carried out the same type of actions and inflicted the same type of harm upon them as Defendants have admittedly carried out against Plaintiff. The Court finds that Defendants' unfair and deceptive acts have an impact on the public interest, have been repeated against others and/or are most certainly capable of repetition.

33. Plaintiff's Verified Complaint includes five causes of action seeking damages:

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

      a.  Breach of Contract
      b.  Breach of Warranties
      c.  Negligence/Negligence Per Se/Recklessness/Gross Negligence
      d.  Breach of Contract Accompanied by a Fraudulent Act
      e.  Fraudulent and/or Negligent Misrepresentation
      f.  Unfair and Deceptive Trade Practiced under S.C. Code Ann. § 39-5-10, et. seq.
      g.  Conversion
      h.  Civil Conspiracy.

34.    I find that Plaintiff has sufficiently pled the foregoing causes of action and presented competent evidence sufficient to support monetary damages in favor of the Plaintiff on the following causes of action in the following amounts:

35.    As to Plaintiff's Breach of Contract Claim against Indigo Pools LLC and Indigo Pools and Spas LLC: This Court finds Indigo Pools LLC and Indigo Pools and Spas LLC breached the contract they entered with Plaintiff, and as a direct and proximate result of their breach of contract, Plaintiff suffered $25,000.00 of damages, comprised of: (a) $20,823.32, which is the amount Plaintiff had to pay beyond the agreed upon contract price; and (b) $4,176.68, for loss of use.

36.    As to Plaintiff's Breach of Warranty Claim against Indigo Pools LLC and Indigo Pools and Spas LLC: The Court finds $25,000.00 to also be an appropriate measure of damages on Plaintiff's breach of warranty claim.

37.    As to Plaintiff's Negligence Claim against Indigo Pools LLC and Indigo Pools and Spas LLC: The Court finds $25,000.00 to also be an appropriate measure of damages on Plaintiff's negligence claim.

38.    As to Plaintiff's Breach of Contract Claim Accompanied by a Fraudulent Act Against All Defendants: The elements of an action for breach of contract accompanied by a fraudulent act are: (1) a breach of contract; (2) fraudulent intent relating to the breach; and (3) a fraudulent act accompanying the breach. Harper v. Ethridge, 290 S.C. 112, 348 S.E.2d 374

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

(1986). Plaintiff alleges, and Defendants admit, that the Ingrams made representations to him that they intended to use the funds he paid them for use on his project that were false. Defendants did not use Plaintiff's funds to improve his property and did not complete his project. Plaintiff alleges, and the Defendants do not deny, that his funds were put to the Ingrams' own use. The Court takes judicial notice of the other pending cases against Defendants, including the class action lawsuit, and finds Defendants had a fraudulent intent and committed fraudulent acts when they represented to Plaintiff that his periodic payments would be used to complete his project. Defendants' tortious conduct was reckless, willful, and wanton and warrants the imposition of punitive damages. The Court finds $50,000.00 to be an appropriate measure of punitive damages based upon the nature of Defendants' acts, the existence of allegations of similar conduct as against other victims, and the need to defer Defendants from carrying out further harm against other consumers, in addition to the other factors contemplated under Austin v. Specialty Transp. Services, Inc., 358 S.C. 238, 594 S.E.2d 867 (Ct. App. 2004).

39.   As to Plaintiff's Fraudulent and/or Negligent Misrepresentation Claim Against All Defendants: The Court finds Defendants made representations to Plaintiff as to their intentions and ability to perform as promised, and their financial solvency, that, at the time they made them, they knew were false, and were made with the intention and purpose of deceiving Plaintiff, that such misrepresentations were material, Plaintiff relied on them, and sustained a loss as a direct and proximate result. While Plaintiff later became aware of Defendants' broader pattern of conduct, Plaintiff's testimony was that he did not discover Defendants' troubles until after he had made his last progress payment. Plaintiff did not make any more payments after he discovered Defendants' fraudulent scheme. Coincidentally, Plaintiff never heard from Defendants again. The appropriate measure of actual damages on this cause of action is

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

$25,000.00. See Gilbert v. Mid-South Machinery Co., Inc., 267 S.C. 211, 227 S.E.2d 189 (1976) (explaining that it is well-settled that that the proper method for determining damages from fraud is the benefit of the bargain approach). An award of punitive damages in the amount of $50,000.00 is also appropriate on this claim.

40.     As to Plaintiff's SCUPTA Claim Against All Defendants: This Court finds a violation of the SCUPTA (the "Act") by Defendants and that Plaintiff has suffered damages as a natural proximate cause of Defendants' unfair and deceptive conduct in violation of the Act. The Court finds $25,000.00 to be an appropriate measure of Plaintiff's actual damages and further finds the circumstances of this case make it necessary to award treble damages under S.C. Code Ann. § 39-5-140(a). Defendants' use or employment of unfair and deceptive methods, including the scheme by which they hold themselves out as pool contractors who are ready, willing, and able to fully perform, collect payments from consumers like Plaintiff, and then disappear with their funds, is a willful and knowing violation of the Act. Defendants knew or should have known their conduct was a violation of the Act. See Haley Nursery Co., Inc. v. Forrest, 298 S.C. 520, 381 S.E.2d 906 (1989) (construing a knowing or willful as a violation of the Act to mean if a person of ordinary prudence engaged in trade or commerce, in the exercise of due diligence, that person could have ascertained the conduct in question violated the Act). The Court therefore trebles the $25,000.00 of damages, for a total of $75,000.00, plus finds $15,000.00 is a reasonable measure of attorney's fees and costs and appropriate to award under S.C. Code Ann. § 39-5-140(a), given the time and expense involved in this case, prevailing market rates, the benefits provided by counsel, particularly as it relates to priority among Defendants' creditors, and the terms of the fee agreement between Plaintiff and his counsel. In total, the Court awards

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

$90,000.00 as an appropriate measure of monetary damages under this cause of action and this Court's finding of a knowing and willful violation of the Act.

41.    <u>As to Plaintiff's Conversion Claim Against All Defendants</u>: The Court finds $25,000.00 to also be an appropriate measure of actual damages on Plaintiff's conversion claim and finds punitive damages in the amount of $50,000.00 to also be appropriate.

42.    <u>As to Plaintiff's Civil Conspiracy Against All Defendants</u>: The Court does not find it is appropriate to grant judgment in favor of Plaintiff on his civil conspiracy claim.

## **<u>CONCLUSION</u>**

Based upon the foregoing findings of fact and conclusions of law, the Court directs Plaintiff to elect his remedy. Once Plaintiff has elected his remedy, the Court will enter judgment on such cause of action which shall expressly incorporate the foregoing findings of fact and conclusions of law and at that time will issue its Form 4 Order.

**AND IT IS SO ORDERED!**

[Electronic Signature to Follow]

ELECTRONICALLY FILED - 2023 Jun 14 1:14 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915



Charleston Common Pleas

**Case Caption:**     Terence  Bennett VS   Indigo Pools Llc , defendant, et al

**Case Number:**     2022CP1005915

**Type:**                  Master/Order/Other

So Ordered

s/Mikell R. Scarborough   3062

Electronically signed on 2023-06-14 10:52:22     page 13 of 13

ELECTRONICALLY FILED - 2023 Jun 15 11:27 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915
ELECTRONICALLY FILED - 2023 Jun 21 3:04 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | C/A No.: 2022-CP-10-05915 |

| | |
|---|---|
| Terence Bennett, | |
| Plaintiff, | |
| vs. | **PLAINTIFF'S NOTICE OF ELECTION** |
| Indigo Pools LLC, a/k/a and d/b/a Indigo | **OF REMEDY AND REQUEST FOR** |
| Pools and Spas, LLC, Indigo Pools and | **ENTRY OF JUDGMENT** |
| Spas LLC, Joshua Ingram and Ashley | |
| Ingram, | |
| Defendants. | |

Plaintiff Terence Bennett ("Plaintiff"), by and through his undersigned counsel, and pursuant to this Court's order entered on June 14, 2023, hereby elects his remedy under the South Carolina Unfair and Deceptive Trade Practices Act, as codified in S.C. Code Ann. § 39-5-10 (the "SCUPTA"), and respectfully requests that this Court enter judgment in his favor and against Defendants Indigo Pools LLC, Indigo Pools and Spas LLC, Joshua Ingram, and Ashley Ingram, jointly and severally, and in the amount of Ninety Thousand Dollars and No Cents ($90,000.00), plus post-judgment interest accruing until said judgment is satisfied in full.

*/s/Jennifer S. Ivey*
**Jennifer S. Ivey (SC Bar # 102533)**
Direct:  (843) 727-2216
Email:  Ivey@WGLFIRM.com
**Thomas P. Gressette, Jr. (SC Bar # 14065)**
Direct:  (843) 727-2249
Email:  Gressette@WGLFIRM.com
**WALKER GRESSETTE & LINTON, LLC**
<u>Mail:</u>      P.O. Drawer 22167, Charleston, SC 29413
<u>Office:</u>    66 Hasell Street, Charleston, SC 29401

**ATTORNEYS FOR PLAINTIFF**

June 15, 2023
Charleston, South Carolina



Charleston Common Pleas

**Case Caption:** Terence  Bennett VS  Indigo Pools Llc , defendant, et al

**Case Number:** 2022CP1005915

**Type:** Master/Order/Other

So Ordered

s/Mikell R. Scarborough   3062

Electronically signed on 2023-06-21 10:03:26     page 2 of 2

ELECTRONICALLY FILED - 2023 Jun 21 3:04 PM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMOM PLEAS OF
) THE NINTH JUDICIAL CIRCUIT
Terrence Bennett, )
)
Plaintiff(s) ) Case No.: 2022-CP-10-05915
)
VS. )
)
Indigo Pools LLC, a/k/a and d/b/a Indigo )
Pools and Spas LLC, Indigo Pools )
and Spas, LLC, Joshua Ingram and ) **TRANSCRIPT OF JUDGMENT**
Ashley Ingram) )
)
Defendants. )
_____ )

    **NOTICE IS HEREY GIVEN** that the above-captioned proceeding, filed in the Court of Common Pleas of the State and County Aforesaid, Judgment was entered against Indigo Pools LLC, a/k/a and d/b/a Indigo Pools and Spas LLC, Indigo Pools and Spas, LLC, Joshua Ingram and Ashley Ingram, the Defendants in the action on the 21st day of June, 2023, plus costs and fees as applicable. Attorneys of records are Jennifer S. Ivey, Esq. and Thomas P. Gressette, Esq., of Walker Gressette & Linton, LLC, 66 Hasell Street, Charleston South Carolina 29401. There was no appearance by counsel of record for the Defendants.

    **FURTHER, NOTICE IS GIVEN** that interest will accrue from the date of entry of the Judgment, June 21, 2023.

| | |
|---|---|
| Amount of Judgment: | $90,000.00 |
| Costs and Fees*: | $ |
| Attorney's fees*: | $ |
| Court Costs and filing fees: | $ |
| Other: | $ |
| Total Amount of Judgment: | $90,000.00 |

**I CERTIFY** that the foregoing is a correct transcript from the Docket of Judgments kept in my office.

_____

Clerk of Court of Dorchester County

_____, 2023

*Costs, fees and attorney's fees are included in the judgment amount.

ELECTRONICALLY FILED - 2023 Jun 23 9:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915



**Common Pleas**

**Case Caption:**     Terence  Bennett VS   Indigo Pools Llc , defendant, et al

**Case Number:**     2022CP1005915

**Type:**                    Transcript/Signed Transcript of Judgment


So Ordered

s/Julie J. Armstrong, Charleston County Clerk of Court, by AB

Electronically signed on 2023-06-23 10:09:42     page 2 of 2



# Dorchester County
# First Judicial Circuit
# Public Index



Dorchester County Home Page | South Carolina Judicial Department Home Page | SC.GOV Home Page

**Switch View**

## Terence Bennett VS Joshua Ingram , defendant, et al

| | | | | | |
|---|---|---|---|---|---|
| **Case Number:** | 2023CP1801009 | **Court Agency:** | Common Pleas | **Filed Date:** | 06/23/2023 |
| **Case Type:** | Common Pleas | **Case Sub Type:** | Transcript Judg 740 | **File Type:** | Non-Jury |
| **Status:** | Judgment | **Assigned Judge:** | Clerk Of Court C P, G S, And Family Court | | |
| **Disposition:** | Judgment | **Disposition Date:** | 06/23/2023 | **Disposition Judge:** | Clerk Of Court C P, G S, And Family Court |
| **Original Source Doc:** | | **Original Case #:** | | | |
| **Judgment Number:** | 2023CP1801009 | **Court Roster:** | | | |

| Case Parties | **Judgments** | Tax Map Information | Associated Cases | Actions | Financials |
|---|---|---|---|---|---|

| For: | Bennett, Terence | Against: | Ingram, Joshua | Judg. Amount: | $90,000.00 | Judgment Date: | 06/23/2023 |
|------|------|------|------|------|------|------|------|
| Description: | Judgment/Transcript | Disposition: | | Disp. Date: | | Date Entered/Last Changed | 06/23/2023 - - 06/23/2023 |
| Notes: | None | | | | | | |

| Judgment Details | | | |
|------|------|------|------|
| Claims Code | Detail Desc. | Detail Amount | Detail Date |
| None | | | |

| For: | Bennett, Terence | Against: | Indigo Pools Llc | Judg. Amount: | $90,000.00 | Judgment Date: | 06/23/2023 |
|------|------|------|------|------|------|------|------|
| Description: | Judgment/Transcript | Disposition: | | Disp. Date: | | Date Entered/Last Changed | 06/23/2023 -- |
| Notes: | None | | | | | | |

| Judgment Details | | | |
|------|------|------|------|
| Claims Code | Detail Desc. | Detail Amount | Detail Date |
| None | | | |

| For: | Bennett, Terence | Against: | Ingram, Ashley | Judg. Amount: | $90,000.00 | Judgment Date: | 06/23/2023 |
|------|------|------|------|------|------|------|------|
| Description: | Judgment/Transcript | Disposition: | | Disp. Date: | | Date Entered/Last Changed | 06/23/2023 - - |
| Notes: | None | | | | | | |

| Judgment Details | | | |
|------|------|------|------|
| Claims Code | Detail Desc. | Detail Amount | Detail Date |
| None | | | |

| For: | Bennett, Terence | Against: | Indigo Pools And Spas Llc | Judg. Amount: | $90,000.00 | Judgment Date: | 06/23/2023 |
|------|------|------|------|------|------|------|------|
| Description: | Judgment/Transcript | Disposition: | | Disp. Date: | | Date Entered/Last Changed | 06/23/2023 -- |
| Notes: | None | | | | | | |

| Judgment Details | | | |
|------|------|------|------|
| Claims Code | Detail Desc. | Detail Amount | Detail Date |
| None | | | |

CMSWeb 6.1 © 2019 South Carolina Judicial Branch ● All rights reserved

**EXHIBIT B**

ELECTRONICALLY FILED - 2023 Jun 23 9:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915

STATE OF SOUTH CAROLINA ~~FILED-REC~~ )
IN THE COURT OF COMMOM PLEAS OF

2023 JUN 23 AM 11: 54 THE NINTH JUDICIAL CIRCUIT

Terrence Bennett,

CHERYL GRAHAM
Plaintiff(s)~~OF COURT~~    Case No.: 2022-CP-10-05915
~~DORCHESTER COUNTY~~

VS.                                     )       2023 · CP · 18 - 01009
                                        )
Indigo Pools LLC, a/k/a and d/b/a Indigo )
Pools and Spas LLC, Indigo Pools         )
and Spas, LLC, Joshua Ingram and         )       **TRANSCRIPT OF JUDGMENT**
Ashley Ingram)                           )
                                         )
                    Defendants.          )
                                         )

   **NOTICE IS HEREY GIVEN** that the above-captioned proceeding, filed in the Court of
Common Pleas of the State and County Aforesaid, Judgment was entered against Indigo Pools
LLC, a/k/a and d/b/a Indigo Pools and Spas LLC, Indigo Pools and Spas, LLC, Joshua Ingram and
Ashley Ingram, the Defendants in the action on the 21st day of June, 2023, plus costs and fees as
applicable.  Attorneys of records are Jennifer S. Ivey, Esq. and Thomas P. Gressette, Esq., of
Walker Gressette & Linton, LLC, 66 Hasell Street, Charleston South Carolina 29401.  There was
no appearance by counsel of record for the Defendants.

   **FURTHER, NOTICE IS GIVEN** that interest will accrue from the date of entry of the
Judgment, June 21, 2023.

| | |
|---|---|
| Amount of Judgment: | $90,000.00 |
| Costs and Fees*: | $ |
| Attorney's fees*: | $ |
| Court Costs and filing fees: | $ |
| Other: | $ |
| Total Amount of Judgment: | $90,000.00 |

**I CERTIFY** that the foregoing is a correct transcript from the Docket of Judgments kept in my
office.

_____
Clerk of Court of Dorchester County

_____, 2023

*Costs, fees and attorney's fees are included in the judgment amount.

ELECTRONICALLY FILED - 2023 Jun 23 9:59 AM - CHARLESTON - COMMON PLEAS - CASE#2022CP1005915



## Common Pleas

**Case Caption:**    Terence  Bennett VS  Indigo Pools Llc , defendant, et al

**Case Number:**    2022CP1005915

**Type:**    Transcript/Signed Transcript of Judgment

So Ordered

s/Julie J. Armstrong, Charleston County Clerk of
Court, by AB

Electronically signed on 2023-06-23 10:09:42    page 2 of 2